UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KEESHA HICKS. | CIVIL ACTION 13-2925    d |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| CHEROKEE INSURANCE COMPANY, et al | |
| | U.S. MAGISTRATE JUDGE  KIRK |

**REPORT AND RECOMMENDATION**

Before the court is plaintiffs' motion to remand, **Doc. #8.**  This is a personal injury lawsuit as a result of an automobile accident. The petition implied that the amount in dispute exceeded the jurisdictional limits of this court, $75,000. Defendant removed the case to this court. Plaintiff timely moved to remand and attached an affidavit stating that plaintiff  stipulates that the amount of damages does not exceed $75,000 and that it would not accept more. Defendant agrees to remand.

Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).  Where a specific

1

amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).   In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893.  In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335.  See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal usually (see below) must file a binding stipulation or affidavit with the petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal. Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.

Despite the rule stated above that stipulations or affidavits must generally be filed with the petition, such affidavits or stipulations and amendments made post-removal may be considered if the basis for jurisdiction is ambiguous, that is, not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores

a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages but implied that the damages could well be more than the jurisdictional limits. Therefore, the claims made were ambiguous and the court may consider the post-removal affidavit and stipulation filed by plaintiff as it relates to the time of removal in order to clarify the ambiguous petition. Based on that affidavit, and defendant's agreement[1], the court finds that the jurisdictional limits of the court are not met and remand is appropriate.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #8 should be GRANTED and this case ordered remanded to the Ninth Judicial District Court, Parish of Rapides, for further proceedings.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

---

[1] A party may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 4th day of December, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE